UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>JOSHUA BOJORQUEZ,<br><br>　　　　　　　　　　　Defendant. | Case No.:  20-CR-0867-CAB-MSB<br><br>**ORDER DENYING CONTESTED MOTION FOR RECONSIDERATION OF DETENTION ORDER** |

　　　Before the Court is a Contested Motion for Reconsideration of Detention Order. ECF Nos. 97 and 102. At Defendant Joshua Bojorquez's ("Defendant") Initial Appearance on July 22, 2020, the Government moved to detain him based on a serious risk of flight. ECF No. 84. After a hearing on July 28, 2020, the Court granted the Government's motion. ECF No. 89. The Court found by a preponderance of the evidence that Defendant presents a serious risk of flight. *Id.* Based on this finding, the Court determined that no condition or combination of conditions of release would reasonably assure Defendant's appearance as required. The Court found that the following factors supported an order of detention: the weight of evidence (although the least important factor); prior criminal history; history of drug abuse; history of probation violations/revocations; and a significant record of prior failures to appear in court as ordered. *Id.*

Defendant now seeks reconsideration of the Court's Order of Detention Pending Trial (ECF No. 97), and requests that the Court set pretrial release conditions including a $20,000 personal appearance bond secured by the signature of two financially responsible and related adults; a $5,000 cash deposit; the titles to Defendant's boat and his brother's 2007 Mercedes 4-Door Coupe; home detention, curfew, and ankle monitor surveillance. ECF No. 97. The Court will treat Defendant's motion as a request for reconsideration pursuant to 18 U.S.C. § 3145(b).

The Court finds that this matter is suitable for determination without a hearing. *United States v. Dodd*, No. 20-cr-0016, 2020 WL 1547419, at *1 (D. Minn. Apr. 1, 2020); *United States v. Martin*, No. PWG-19-140-13, 2020 WL 1274857 (D. Md. Mar. 17, 2020) (no requirement to hold a hearing on request for reconsideration of order of detention).

I.   **Summary of Positions**

   a.   **Defendant**: Defendant argues that conditions of pretrial release should be set for the foregoing reasons: Defendant has strong ties to the San Diego community, which is home to his brother, mother, girlfriend and mother to his child, and former employer.

Defendant asserts that he needs to meet with his attorney in-person to listen to wiretap phone recordings and that he is unable to listen to said calls over the telephone in the jail. Currently, Defendant is housed at the Metropolitan Correctional Center ("MCC") and MCC does not allow in-person attorney-client meetings during the COVID-19 pandemic.

Finally, Defendant argues that he should be released based on the COVID-19 pandemic and the risks associated with being incarcerated. Defendant does not contend that he is part of any group that is especially vulnerable to COVID-19 based on health conditions or characteristics but that his risk of becoming infected are much greater if he is incarcerated as opposed to being at home.

   b.   **Government**: The Government argues that Defendant's motion fails to address

the concerns regarding his risk of flight. The Government points to Defendant's criminal history, which has approximately 23 criminal history points placing him in a criminal history category VI; his eight prior failures to appear in court; and his approximate 10 probation revocations. The Government also contends that the COVID-19 pandemic alone does not support reconsideration of the detention order.

c. **Pretrial Services**: Although not contacted for their input regarding Defendant's motion, Pretrial Services recommended detention at Defendant's initial appearance.

II.   **Analysis**

The Court recognizes that the COVID-19 pandemic presents significant public health concerns. COVID-19 does not, however, change the nature of the individualized analysis that the Court must conduct under the Bail Reform Act. *See United States v. Villegas,* No. 2:19-cr-568-AB, 2020 WL 1649520, at *2 (C.D. Cal. Apr. 3, 2020) ("No matter the heightened risks intrinsic to prison populations as a matter of public health, the Court has no authority as a matter of law to permit pretrial release under the Bail Reform Act just because of the current pandemic's generic risks.").

The Court is not persuaded that the new bond proposal raised by Defendant changes its initial analysis of the factors set forth in 18 U.S.C. § 3142(g) supporting its Order of Detention. The Court found that the weight of the evidence against Defendant is strong. Although that is the least important factor, it is significant in this case because Defendant is facing a mandatory minimum sentence of 10 years in custody and based upon his record, would not be safety valve eligible. Defendant's prior criminal history is noteworthy in that he is a criminal history category VI with numerous convictions for controlled substances. Defendant has not presented any evidence to dispute the Court's prior findings that Defendant has a history of failing to appear in court as ordered, violations of probation, or his history of substance abuse.

Although the Court appreciates Defendant's family is willing to pledge their assets

to secure Defendant's release on bond, said proposal is insufficient to overcome the factors the Court has previously considered. In short, the Court sees no evidence that Defendant does not continue to present a substantial flight risk. Therefore, the Court **DENIES** Defendant's request for reconsideration of its Order of Detention.

**IT IS SO ORDERED.**

Dated: August 14, 2020

Michael S. Berg
U. S. Magistrate Judge